IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES D. GREEN,**
              **Plaintiff,**

    **v.**                        CASE NO. 09-3055-SAC

**ROGER WERHOLTZ,**
**et al.,**

              **Defendants.**

### O R D E R

This matter is before the court upon plaintiff's Motion for Court Appearances to Manifest Justice" (Doc. 30) and Notice of Appeal (Doc. 31). In his motion, plaintiff seeks to be allowed to "argue all motions filed from this point forward orally, and in person." This motion is denied, without prejudice. Plaintiff may file a request for oral argument, when appropriate, with any motion he hereafter files. He provides no valid legal authority or argument for the court to issue a blanket order requiring oral argument on all his future motions.

Plaintiff has filed a Notice of Appeal, which he also refers to as "Response to the Court's May 19th, 2010 Order" (Doc. 30). Plaintiff was not required to respond to the court's Order denying his motion for reconsideration, and no action is requested in this document as a "Response." If this document were construed as a second Motion for Reconsideration, it would be denied for reasons

stated in the court's previous orders. To the extent plaintiff is alleging judicial misconduct, the court notes that he has not filed a properly supported Motion to Recuse.

With respect to plaintiff's Notice of Appeal of "the court's decision to deny his 'motion to reconsider'" entered on March 30, 2010 (Doc. 26), the court finds as follows. Under 28 U.S.C. § 1291, the Tenth Circuit Court of Appeals "only has appellate jurisdiction over 'final decisions' of district courts." See Roska ex rel. Roska v. Sneddon, 437 F.3d 964, 969 (10th Cir. 2006). This requirement "precludes consideration of decisions . . . that are but steps towards final judgment in which they will merge." North American Specialty Ins. Co. v. Correctional Medical Services, Inc., 527 F.3d 1033, 1038 (10th Cir. 2008)(citing Roska, 437 F.3d at 969 (internal quotation marks and brackets omitted)).

28 U.S.C. § 1292 provides for appeals from interlocutory decisions by a federal district court only in very limited circumstances. Subsection (b) of § 1292 pertinently provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Id.  In order for this interlocutory appeal to proceed as to "otherwise not appealable orders," this court must issue the written certification required by § 1292.  Certification of interlocutory appeals under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action."  State of Utah by and through Utah State Dept. of Health v. Kennecott Corp., 14 F.3d 1489, 1495 (10th Cir.), cert. denied, 513 U.S. 872 (1994)(citation omitted). A primary purpose of § 1292(b) is to provide an opportunity to review an order when an immediate appeal would "materially advance the ultimate termination of the litigation."  Kennecott, 14 F.3d at 1495.

This court does not believe that an immediate appeal at this juncture from its order denying reconsideration would materially advance the ultimate termination of this litigation.  Moreover, it cannot be said that the questions raised by plaintiff in this appeal are ones as to which there is "substantial ground for difference of opinion."  Having carefully considered this matter and the relevant authorities, the court declines to issue an order certifying this case for interlocutory appeal.  See also 28 U.S.C. § 1915(a)(3).

Since the court declines to certify plaintiff's interlocutory appeal, it also denies him leave to proceed in forma pauperis on

appeal[1].

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Court Appearances to Manifest Justice (Doc. 30) is denied.

**IT IS FURTHER ORDERED** that this court declines to issue an order certifying this interlocutory appeal (Doc. 31).

**IT IS FURTHER ORDERED** that plaintiff is denied leave to proceed in forma pauperis on appeal and is required to submit the appellate filing fee of $455.00 for this appeal.

The clerk is directed to transmit a copy of this Order to the Tenth Circuit Court of Appeals and to the finance office of the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 4th day of June, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[1] Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides in pertinent part:

> Prior Approval: A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis . . . .

Id.