Robert E. Wasinger #15352
Legal Counsel
Department of Corrections
Norton Correctional Facility
P.O. Box 546
Norton, KS  67654
(785) 877-6657

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Charles D. Green | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 09-3055-SAC |
| Roger Werholtz, et al. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### REPORT IN "<u>MARTINEZ V. AARON</u>" INVESTIGATION
### CIVIL RIGHTS COMPLAINT

This is an action brought by Charles D. Green. Kansas Department of Corrections, inmate presently incarcerated at the Lansing Correctional Facility (LCF) Lansing, Kansas. (Exhibit 11). The plaintiff is scheduled to be released on this date, December 1, 2010. (Id). Plaintiff's Civil Rights lawsuit was dismissed without prejudice on all claims with the exception of plaintiff's Eighth Amendment Claim regarding his medical care and treatment. (See March 30, 2010 Order, Document Number 20). In turn all defendants are dismissed from this action with the exception of Correct Care Solutions, Dr. Charles D. Lawhorn and Dr. John Satchell.

(Id). Under the surviving 8th Amendment claim, the plaintiff cites a "right to effective medical care and access to prescription medication." (Complaint pg. 15).

The plaintiff seeks to have this Court order CCS to prescribe to him Proscar and Androgel. (Compliant pg. 17). In addition, he seeks $25 million in actual damages for mental, emotional, physical and psychological pain and suffering. (Id). Also, plaintiff seeks $5 million for future medical costs and $250,000.00 from each defendant personal monies. (Id). Lastly, $15 million for punitive damages are sought by the plaintiff. (Id).

A Kansas Department of Corrections investigation into the plaintiff's complaint reveals he filed two fully administratively exhausted grievances concerning his medical care and treatment prior to filing this complaint. (Attached NCF Grievance No. EA00003590 and LCF Grievance NO. AA20080746). (Exhibit 12 and 13). In the NCF grievance, the Secretary of Corrections Designee, Elizabeth Rice, on January 18, 2008 made the following findings of facts:

> In this grievance, Mr. Green claims that he is not receiving appropriate medical care.
>
> We have asked the Kansas Department of Corrections, Health Care Contract Consultant to review the care and treatment that the inmate is receiving. We have been advised that this review is now complete. The information that we have been provided indicates that the care and treatment that has been made available and afforded to the inmate has been consistent with prevailing community standards.
>
> Green does not show or allege that he has been denied access to his attending C.C.S Physician, nor does he provide any evidence

>       that he has been denied any care that has
>       been recommended by his attending C.C.S.
>       physician.

The NCF grievance response concluded that the plaintiff has access to adequate medical care. (Exhibit 12).

And in the LCF grievance the following finding of fact were made:

>       Green refuses to be examined by CCS Doctor
>       at LCF.  Green cannot be prescribed a
>       medication change until he has been examined
>       by CCS.  Because of his refusal to submit to
>       medical examination the letter dated April
>       11, 2008 from this office is no longer
>       valid.  The information that we provided
>       indicates that the care and treatment that
>       has been made available and afforded to the
>       inmate has been consistent with prevailing
>       community standards.

Again this grievance concludes that the plaintiff has access to adequate medical care.  (Exhibit 13).

The plaintiff was first confined to KDOC custody on September 26, 2007.  (Exhibit 11).  In the last three years since his initial incarceration, the plaintiff has amassed very voluminous medical files. (Exhibit 1 - Exhibit 10e). The medical records the KDOC received from the Johnson County Adult Detention show the plaintiff was prescribed Proscar and Androgel prior to his incarceration.  (Exhibit 2a page 34).

(Pre-incarceration medical records are at Exhibit 2a pages 16-100; Exhibit 2b pages 1-14; Exhibit 3 pages 42-90 and Exhibit 4b pages 1-78).  Throughout the expansive medical records, the disagreement between the plaintiff and defendants as to prescribed medication to treat the plaintiff's arthritis and prostate is evident.  However, the medical records also reveal the plaintiff received almost constant medical attention. (Exhibit 3-10e).  Further the medical records show the plaintiff refused treatment quite frequently during his approximate three year KDOC incarceration.  (Exhibit 2a pages 2-15; Exhibit 6 pages 6-26).  The medical records reflect labs and consults ordered by the defendant. (Exhibit 10a - Exhibit 10b).

In conclusion this investigation shows the plaintiff received medical attention and treatment from the defendants, although, there was substantial disagreement between the plaintiff and defendants concerning the course of treatment.

          Respectfully submitted,

          Robert E. Wasinger, Legal Counsel SC #15352
          Norton Correctional Facility
          P.O. Box 546
          Norton, KS  67654
          (785) 877-6657
          Attorney for Defendants

          /s/ Robert E. Wasinger
          Robert E. Wasinger

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Report in "Martinez v. Aaron" Investigation was placed in the United States Mail, first class postage prepaid, on this 1st day of December 2010, for delivery to:

    Charles Green
    1703 W. 6th Street
    Lawrence, KS 66044

          /s/ Robert E. Wasinger
          Robert E. Wasinger