IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES D. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-3055-SAC |
| | ) |
| CHARLTON D. LAWHORN, et al., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT CHARLTON D. LAWHORN, M.D.'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW Defendant Charlton Lawhorn, M.D., by and through counsel Lawrence J. Logback and Trevin Wray of Holbrook & Osborn, P.A., and hereby submits his memorandum in support of his Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) and D. Kan. 7.1. Defendant submits that the allegations contained in Plaintiff's complaint, assumed true for purposes of this motion, do not state a claim for relief under 42 U.S.C. § 1983 and the Eighth Amendment.

## STATEMENT OF PLAINTIFF'S ALLEGATIONS

The following allegations are taken from Plaintiff's complaints for the purpose of resolving this motion. No allegation is admitted at this time.[1]

1. At all times relevant to this action, Plaintiff was an inmate in the custody of the Kansas Secretary of Corrections. (Docs. 1 & 2, generally.)

---

[1] The exhibits to Plaintiffs complaints (Doc. 1, 2) are haphazardly organized and difficult to enumerate. Where an exhibit number can be specifically identified, it is used herein. Where the exhibit number is difficult to ascertain, a reference to the page number is made.

1

2.  According to Plaintiff's allegations, he was prescribed the drugs "Proscar" and "AndroGel" prior to incarceration for treatment of BPH and arthritis, respectively. (Doc. 1, ¶ 7; Doc. 1, exhibit 6.)

3.  Plaintiff sought the continuation of Proscar and AndroGel for treatment of his conditions, but these requests were denied. (Doc. 1, p. 8.)

4.  Because of the cost concerns associated with Proscar, Plaintiff was prescribed an alternative medication. (Doc. 2, exhibit 10.)

5.  Prison medical staff reinstituted the Proscar in October of 2007, but was again discontinued in January of 2008 in favor of alternative replacements. (Doc. 1, exhibit 7 (p. 21 of 28); Doc. 2, exhibit 10.) Plaintiff refers to these as "cheaper replacements." (Doc. 1., exhibit 7.)

6.  Plaintiff alleges that Dr. Lawhorn refused him "any *effective* treatment" for BPH and arthritis, among other things. (Doc. 2, exhibit 9 (p. 26 of 27, emphasis added.))

7.  Plaintiff alleges that his arthritis went totally untreated. (Doc. 1, p. 7.) Plaintiff claims that this condition should have been treated with AndroGel. (Id.)

8.  AndroGel is a topical hormone used to treat low testosterone. (Exhibit 1[2].)

9.  As demonstrated by the exhibits to both of Plaintiff's Amended Complaints, his

---

[2] Defendant moves the Court to take judicial notice of the drug information for AndroGel ascertainable through the Physicians' Desk Reference. Defendant contends that this information is subject to judicial notice, as the accuracy of the more basic indications and potential side effects of a medication, as established by a manufacturer, cannot be reasonably disputed. Facts which are subject to judicial notice do not convert a motion to dismiss. *Tal v. Hogan*, 453 F. 3d 1244, 1264 (10th Cir. 2006).

  concerns regarding his medical care have been addressed at various times. (See, e.g., Doc. 1, exhibit 2 (p. 3 of 28,) Doc. 2, exhibit 10 (p. 14 of 27,) Doc. 2, exhibit 19 (p. 26 of 27). One physician ordered over the counter pain relief.

10. Plaintiff alleges that his serious medical needs, related to BPH and arthritis, were deliberately ignored by Dr. Lawhorn in violation of the Eighth Amendment. (Doc. 1, 2, generally.)

## ISSUES PRESENTED

I. **Can Plaintiff's complaints concerning the substitution of an alternative medication to Proscar state an Eighth Amendment claim?**

II. **Assuming Plaintiff's allegations concerning his treatment for arthritis to be true, has Plaintiff shown that refusing to provide AndroGel violates the Eighth Amendment?**

III. **If Dr. Lawhorn is a state actor as Plaintiff alleges, is he entitled to qualified immunity?**

## STANDARD FOR JUDGMENT ON THE PLEADINGS

  A motion for judgment on the pleadings is analyzed on the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Park Univ. Enters., Inc. v. Am. Casualty Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). When reviewing a motion to dismiss, the court must examine the complaint to determine whether it includes enough facts on which a plausible claim can be determined. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint must "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." *Id.*

When a defendant claims an entitlement to qualified immunity, the burden shifts to the plaintiff to satisfy a strict two-part test. *Clark v. Edmunds*, 513 F.3d 1219, 1222 (10th Cir. 2008). First, the plaintiff must demonstrate that the defendant's actions violated a constitutional right. *Id.* Second, the plaintiff must show that this right was clearly established at the time of the conduct at issue. *Id.* If the plaintiff fails to satisfy either of these elements, the court is required to grant the defendant qualified immunity. *Van Deelen v. Johnson*, 497 F.3d 1151, 1158 (10th Cir. 2007).

## ARGUMENT AND AUTHORITY

**I.  The substitution of alternative medications in place of Proscar is a matter of medical judgment that cannot form the basis of an Eighth Amendment claim.**

Plaintiff claims that Dr. Lawhorn's substitution of an alternative medication for the use of the brand drug Proscar violates the Eighth Amendment's prohibition on cruel and unusual punishments. This claim fails as a matter of law.

For purposes of this motion, Defendant does not contest that BPH had at one time been diagnosed by a physician as requiring treatment. Such a condition satisfies the well-known "objective element" of an Eighth Amendment medical needs claim. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). However, the subjective component requires the Plaintiff to show that a particular defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). In order to state a cognizable Eighth Amendment claim, the prisoner must allege acts or omissions sufficiently harmful to evidence *deliberate* indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), emphasis added.

Disagreements with medical decisions are not proper for Eighth Amendment claims. *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006). "Medical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the Eighth Amendment's purview." *Id*, quoting *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). "The courts will not intervene upon allegations of mere negligence, mistake, or difference of opinion." *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).

In this case, Plaintiff alleges that Dr. Lawhorn made an inappropriate medical decision to treat him with cheaper alternative medications that he feels are lesser than his drug of preference, Proscar. That an inmate's drug of choice was not dispensed certainly cannot form the basis of an Eighth Amendment violation. Even if Plaintiff's allegations are true, that Dr. Lawhorn exercised his medical judgment in determining that other, cheaper alternative treatments were available for Plaintiff's condition, an Eighth Amendment claim cannot be found. Choices between alternative methods of treatment have been specifically held insufficient to state a constitutional claim.

This Court analyzed a complaint remarkably similar to this in *Legler v. Bruce*, 2007 U.S. Dist. LEXIS 36316 (D. Kan. May 16, 2007.) In that case, the Court screened Mr. Legler's complaint that he was not being provided with "proper medication" that he was prescribed prior to incarceration. Mr. Legler complained that to "cut costs," the prison medical staff replaced his preferred medication with a generic, which was ineffective and had "bad side effects." The Court ordered Mr. Legler to show cause why his complaint should not be dismissed on screening for his failure to state a claim, and Mr. Legler responded. This Court considered Mr. Legler's response and dismissed the complaint, ruling that, "[t]he decision to prescribe a generic

9

medication to cut costs is entirely appropriate and does not amount to cruel and unusual punishment. [Mr. Legler] has no constitutional right to receive a non-generic medication while in prison." The Court went on to rule that Mr. Legler failed to point to any evidence that he complained about his condition but had the condition ignored.

In this case, Plaintiff's complaints are that he was prescribed alternative or generic medication for his condition, and that he feels these medications were inadequate. He alleges that he raised these complaints to other physicians who prescribed his drug of choice, but that Dr. Lawhorn continued to order that formulary alternatives be used. What drugs will be effective for a particular condition is matter of professional, medical judgment, and fails to state a claim that Dr. Lawhorn was deliberately indifferent to providing treatment to Plaintiff. As Plaintiff himself alleges, his complaint is that Dr. Lawhorn did not provide "effective" treatment. Plaintiff's Eighth Amendment claim related to BPH and Proscar must be dismissed as a matter of law.

II.     **Plaintiff's Eighth Amendment claim as to his arthritic condition fails as a matter of law, as there is no allegation that Dr. Lawhorn ignored the condition, only that Dr. Lawhorn disagreed with the judgment of another physician.**

While the vast majority of Plaintiff's complaints are directed toward the use of alternatives to Proscar, Plaintiff also complains that Dr. Lawhorn and others refused to provide medication for an arthritic condition that he claims was prescribed by other prison physicians. In the voluminous exhibits supporting Plaintiff's complaints, Defendant cannot locate a single document wherein a physician recommended AndroGel to treat Plaintiff's arthritis. This is most likely because AndroGel is a topical hormone used to treat low testosterone. Plaintiff in no way reconciles why this medication was medically required to treat his arthritic condition, nor do

Plaintiff's allegations show that a physician ordered AndroGel only to have Dr. Lawhorn override the order. As evidenced by the exhibits to Plaintiff's own complaints, he was seen numerous times for treatment of this condition and told to take various over the counter pain relievers. Because there is no supportable allegation that anyone, including Dr. Lawhorn, was deliberately indifferent to Plaintiff's perceived need for treatment, there can be no Eighth Amendment claim.

In addition, Plaintiff's claim, viewed in an extremely liberal manner, amounts to nothing more than another argument with Dr. Lawhorn's medical judgment. Plaintiff insists that AndroGel should have been used to treat his arthritic condition, and claims that Dr. Lawhorn failed to provide *effective* medical treatment by refusing his demands. Ignoring the apparent lack of indication for the use of AndroGel,[3] Dr. Lawhorn's disagreement with the use of this medication would not give rise to an Eighth Amendment claim, even if that disagreement was with another physician. Such a disagreement would raise only a question of medical judgment, and not deliberate indifference. *Riviera v. Dowis*, 2010 U.S. Dist. LEXIS 16439 *35-36 (D. Colo. January 29, 2010.)

**III.   If Dr. Lawhorn was found to be a State Actor, as Plaintiff alleges, he is entitled to qualified immunity. There is no case law that establishes that an alleged failure to follow the orders of another physician amounts to a constitutional violation.**

At best, Plaintiff's claims amount to a complaint that Dr. Lawhorn failed to follow the advice and treatment plan of other physicians in failing to order two particular types of

---

[3] Moreover, one of the potential side effects of Androgel is prostate swelling, which makes Plaintiff's demand seem counterintuitive. (Exhibit 1, p. 3.)

medications. Assuming that Plaintiff could establish that this conduct amounted to an Eighth Amendment violation, Dr. Lawhorn, if assumed a state actor, would be entitled to qualified immunity.

Qualified immunity must be found unless the official at issue violated law that was "clearly established." *Perez v. Ellington*, 421 F.3d 1128, 1131 (10th Cir. 2005). "The dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Brosseau v. Haugen*, 543 U.S. 194, 199, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004). Generally, state officials are put on notice by prior case decisions directly on point. *Cortez v. McCauley*, 478 F. 2d 1108, 1114-15 (10th Cir. 2007). There is no case law in this circuit or elsewhere that would make this claimed violation known to a reasonable person.

Moreover, decisions of the Tenth Circuit and of this Court would suggest that Dr. Lawhorn took action that was specifically ruled to be constitutional at the time the actions were taken. See *Jenkins v. Colorado Mental Health Institute*, 2000 U.S. App. LEXIS 5859 *4-5 (10th Cir. Unpublished March 30, 2000), ("prisoners do not have a constitutional right to any particular course of treatment and prison officials do not violate the Eighth Amendment when, in exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Internal quotations omitted); *Legler*, 2007 U.S. Dist. LEXIS 36316 (D. Kan. May 16, 2007.)

The decisions of courts in other jurisdictions reinforce this point. *Gause v. Diguglielmo*, 339 F.App'x 132 (3rd Cir. 2009), (dispute over choice of medication does not rise to the level of an Eighth Amendment violation;) *Berry v. Wright*, 2011 U.S. Dist. LEXIS 6347 *15 (W.D.N.Y.

8

January 24, 2011), ("The Eighth Amendment does not entitle plaintiff to the treatment of his choice...even if plaintiff felt that particular medications were less effective than other alternatives.")

Assuming Plaintiff's allegations are true, not only is there a lack of case law that would apprise a reasonable prison official that his conduct is unlawful, it would appear from the citations above that the actions alleged in this case have been expressly ruled constitutional. If Plaintiff cannot establish a constitutional violation that was clearly established at the time it was allegedly committed, Dr. Lawhorn is entitled to qualified immunity.

## CONCLUSION

Plaintiff has failed to establish a cognizable Eighth Amendment claim, as his allegations amount to nothing more than complaints as to Dr. Lawhorn's medical judgment on which medications to allow to be prescribed. Such allegations have been expressly ruled legally insufficient to satisfy an Eighth Amendment claim. However, even if Plaintiff's allegations were later found to state an Eighth Amendment claim, the case precedent of this circuit and others demonstrates that the right was not clearly established at the time of the alleged violation. In fact, it would appear in all ways constitutional. On that basis, Dr. Lawhorn is entitled to qualified immunity and immediate discharge from this suit.

Respectfully submitted,

HOLBROOK & OSBORN, P.A.


By:    */s/ Trevin Wray*
       Lawrence J. Logback
       Trevin E. Wray, KS #21165
       Commerce Plaza II
       7400 W. 110th St., Suite 600
       Overland Park, KS 66210
       Telephone:   913-342-2500
       Facsimile:    913-342-0603
       ATTORNEY FOR DEFENDANT
       CHARLTON D. LAWHORN, M.D.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of March, 2011 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.

I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

Charles D. Green
4301 W. 24th Place, #1422
Lawrence, KS 66047
PLAINTIFF PRO SE

Tracy M. Hayes
Sanders, Warren, & Russell, LLP
40 Corporate Woods
9401 Indian Creek Pkwy. - Suite 1250
Overland Park, KS 66210

/s/ Trevin Wray
Trevin Wray